**E-Filed 09/30/2007**

NOT FOR CITATION

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| CAROL S. IRVING,<br>Plaintiff,<br>v.<br>MICHAEL J. ASTRUE[1], Commissioner, Social Security Administration,<br>Defendant. | Case Number C 06-03884 JF<br>ORDER[2] DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT<br>[re: docket no. 11] |

## I. BACKGROUND

Plaintiff Carol S. Irving ("Plaintiff") filed the complaint in this action on June 21, 2006, seeking to reverse and remand for further administrative proceedings a decision by Defendant

---

[1] Michael J. Astrue became Commissioner of the Social Security Administration on February 1, 2007. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Michael J. Astrue is hereby substituted for Jo Anne B. Barnhart as the defendant in this matter.

[2] This disposition is not designated for publication and may not be cited.

Commissioner of Social Security ("Commissioner") denying her disability insurance benefits.[3] On October 4, 2006, Defendant answered Plaintiff's complaint. Plaintiff filed a motion for summary judgment on December 4, 2006. Defendant filed a cross-motion for summary judgment on January 4, 2007. Plaintiff replied on January 16, 2007. The matter was submitted without oral argument.

The following facts are taken from the January 11, 2006 decision of the ALJ and the accompanying administrative record ("AR"). At the time of the hearing, Plaintiff was forty-six years old and possessed a college education; her past work experience included employment as a director of education/instructor at a tutoring company and as a software systems engineer. AR at 20. Plaintiff alleges that she became disabled on November 15, 2002 as a result of post-traumatic stress disorder (PTSD), depression, anxiety attacks, and memory problems. *Id.* On June 24, 2004, Plaintiff applied for disability insurance benefits. *Id.* The application initially was denied on October 12, 2004. *Id.* at 26. Her application was denied upon reconsideration on February 9, 2005. *Id.* at 35. Pursuant to Plaintiff's request, the ALJ held an administrative hearing on December 13, 2005 in San Jose, California. *Id.* at 20. Plaintiff, who was represented by attorney Harvey Sackett, testified at the hearing. *Id.*

The ALJ found that Plaintiff was not disabled within the meaning of the Social Security Act and therefore was "not entitled to receive...Disability Insurance Benefits by virtue of the application of June 2004." AR at 25. To determine whether Plaintiff was disabled, the ALJ implemented the "multi-step evaluation process [that] must be performed pursuant to 20 CFR § 416.920." *Id.* at 21. At step one, the ALJ concluded that Plaintiff "has not engaged in substantial gainful activity since her alleged onset date." *Id.* The ALJ found that the Plaintiff had the "medically determinable impairment" of "anxiety" *Id.* at 25. At step two, the ALJ noted that:

> the claimant has mild restrictions of the activities of daily living; mild difficulties in

---

[3] The challenged decision was rendered by Administrative Law Judge Brenton L. Rogozen ("the ALJ") on January 11, 2006. The ALJ's decision became final on April 7, 2006 when the Appeals Council of the Social Security Administration denied Plaintiff's request for administrative review of the ALJ's decision.

> maintaining social functioning; mild difficulties in maintaining concentration, persistence, or pace; and, no documented history of episodes of decompensation. As the claimant's mental impairments cause minimal, if any, limitations, such mental impairments (if any) are considered to be "non-severe". *Id.* at 24.

The ALJ concluded further that "allegations by the claimant as to the intensity, persistence, and limiting effects of her symptoms are not well supported by probative evidence and are not wholly credible." *Id.* at 24. Additionally, the ALJ determined that Plaintiff's "hand impairment is considered nonsevere." *Id.* Finally, the ALJ concluded that a "finding of not disabled is therefore reached without consideration of the remaining steps in the sequential evaluation process." *Id.* The ALJ found that Plaintiff was not under a disability as defined by the Social Security Act and was not entitled to receive disability insurance benefits. *Id.* at 25.

## II. LEGAL STANDARD

### A. Standard for Reviewing the Commissioner's Decision

Pursuant to 42 U.S.C. § 405(g), this Court has the authority to review the Commissioner's decision denying Plaintiff benefits. The Commissioner's decision (here the decision of the ALJ) will be disturbed only if it is not supported by substantial evidence or if it is based upon the application of improper legal standards. *Moncada v. Chater*, 60 F.3d 521, 523 (9th Cir. 1995); *Drouin v. Sullivan*, 966 F.2d 1255, 1257 (9th Cir. 1992). In this context, the term "substantial evidence" means "more than a mere scintilla but less than a preponderance - it is such relevant evidence that a reasonable mind might accept as adequate to support the conclusion." *Moncada*, 60 F.3d at 523; *Drouin*, 966 F.2d at 1257. When determining whether substantial evidence exists to support the ALJ's decision, the Court examines the administrative record as a whole, considering adverse as well as supporting evidence. *Drouin*, 966 F.2d at 1257; *Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989). Where evidence exists to support more than one rational interpretation, the Court must defer to the decision of the ALJ. *Moncada*, 60 F.3d at 523; *Drouin*, 966 F.2d at 1258.

### B. Standard for Determining Disability

A person is "disabled" for purposes of receiving social security benefits if he or she is unable to engage in any substantial gainful activity due to a physical or mental impairment which

is expected to result in death or which has lasted or is expected to last for a continuous period of at least twelve months. *Drouin*, 966 F.2d at 1257; *Gallant v. Heckler*, 753 F.2d 1450, 1452 (9th Cir. 1984). Social Security disability cases are evaluated using a five-step, sequential evaluation process. In the first step, the Commissioner must determine whether the claimant currently is engaged in substantial gainful activity; if so, the claimant is not disabled and the claim is denied. *Id.* If the claimant is not currently engaged in substantial gainful activity, the second step requires the Commissioner to determine whether the claimant has a "severe" impairment or combination of impairments which significantly limits the claimant's ability to do basic work activities; if not, a finding of "not disabled" is made and the claim is denied. *Id.* If the claimant has a "severe" impairment or combination of impairments, the third step requires the Commissioner to determine whether the impairment or combination of impairments meets or equals an impairment in the Listing; if so, disability is conclusively presumed and benefits are awarded. *Id.* If the claimant's impairment or combination of impairments does not meet or equal an impairment in the Listing, the fourth step requires the Commissioner to determine whether the claimant has sufficient "residual functional capacity"[4] to perform his or her past work; if so, the claimant is not disabled and the claim is denied. *Id.* The plaintiff has the burden of proving that he or she is unable to perform past relevant work. *Drouin*, 966 F.2d at 1257. If the claimant meets this burden, a *prima facie* case of disability is established. The Commissioner then bears the burden of establishing that the claimant can perform other substantial gainful work;[5] the determination of this issue comprises the fifth and final step in the sequential analysis. 20 C.F.R.§§ 404.1520, 416.920; *Lester v. Chater*, 81 F.3d 821, 828 n.5 (9th Cir. 1995), *as*

---

[4]A claimant's residual functional capacity is what he or she can still do despite existing exertional and nonexertional limitations. *Cooper v. Sullivan*, 880 F.2d 1152, 1155 n.5 (9th Cir. 1989).

[5] There are two ways for the Commissioner to meet the burden of showing that there is other work in significant numbers in the national economy that claimant can do: (1) by the testimony of a vocational expert or (2) by reference to the Medical-Vocational Guidelines. *Tackett v. Apfel*, 180 F.3d 1094, 1099 (9th Cir. 1999).

*amended* April 9, 1996; *Drouin*, 966 F.2d at 1257.

## III. DISCUSSION

Plaintiff argues that the instant proceeding must be remanded for further administrative proceedings and, in particular, to readjudicate the following: (1) the ALJ's finding that Plaintiff's mental impairments were non-severe; (2) the ALJ's determination that Plaintiff is capable of returning to her past work; and (3) the ALJ's determination that Plaintiff was not credible. Mot. Summ. J.

### A. Whether the Evidence Supports a Finding that Plaintiff's Mental Impairments were Non-Severe

Plaintiff asserts that the ALJ "committed outcome-determinative legal error when he concluded that [Plaintiff's] mental impairments were 'non-severe'". Mot. Summ J. The Commissioner asserts that the ALJ properly concluded that Plaintiff did not have a severe mental impairment, which must be an impairment that significantly limit a claimant's ability to perform basic work activities.

In order to determine whether the claimant is disabled, a multi-step evaluation must be performed pursuant to 20 C.F.R § 416.920. The evaluation requires the following sequential analysis:

> If the claimant is performing substantial gainful work, the claimant is not disabled
>
> If the claimant is not performing substantial gainful work, his or her impairment(s) must be severe before the claimant can be found to be disabled. If the claimant's impairment are found to be non-severe then, without further inquiry, the claimant is not considered "disabled."

The ALJ found, and the parties do not dispute, that Plaintiff was not engaged in substantial gainful activity under step one of the process. The evaluation thus moved to step two. AR at 21. Plaintiff's argument centers on the ALJ's determination that Plaintiff did not have any impairment or impairments that significantly limit her ability to perform basic work-related activities.

An impairment is severe if it significantly limits a claimant's ability to perform basic work activities for at least a consecutive twelve month period. *See* 20 C.F.R.

§ 404.1520(a)(4)(ii). Under Ninth Circuit law, "[t]he existence of an emotional disorder . . . is not per se disabling." *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1989). "[T]here must be proof of the impairment's disabling severity." *Id.* at 643.

Plaintiff argues that the ALJ erred by disregarding the findings of a DDS reviewing physician, Dr. Murillo. As shown by a Psychiatric Referral Technique Form (PRTF), Dr. Murillo found that Plaintiff had "mild" limitations in the first three functional areas but marked "insufficient evidence" when assessing Plaintiff's "episodes of decompensation." AR at 211. Dr. Murillo also indicated on the PRTF that an RFC [Residual Functional Capacity] Assessment was necessary. Dr. Murillo went on to perform an RFC Assessment, finding that Plaintiff had "moderate limitations" in two categories. AR at 197, 201, 211. Plaintiff argues that but for the presence of a 'severe' impairment, Dr. Murillo would have had no reason to complete the Mental Residual Functional Capacity Assessment [MRFCA].

Dr.Murillo opined in the RFC that Plaintiff was moderately limited in the ability to understand, carry out and remember *detailed* instructions, but that she was not significantly limited in the remaining eighteen mental work-related categories he assessed, including the ability to understand, carry out, and remember simple instructions (Tr. 197-98). While Dr. Murillo did indicate that Plaintiff had some moderate impairment regarding detailed instructions, Dr. Murillo explained that Plaintiff was "capable of sustaining *simple* instructions" (emphasis added) for two hour increments. The regulations provide that a person who retains the ability to understand, carry out and remember *simple* instructions does not have a severe impairment. *See* 20 C.F.R. § 404.1521(b)(3). Dr. Murillo explicitly found that Plaintiff retained such ability.

Plaintiff also argues the ALJ improperly considered Global Assessment Functioning (GAF) scores assessed by Plaintiff's treatment providers during her alleged period of disability. While it is true that a GAF score is intended as a guide for treatment decisions and is not essential to the disability determination, GAF scores still may be useful in assessing a claimant's functioning. *See Rollins v. Massanari,* 261 F.3d 853, 857 (9th Cir. 2001). The ALJ's consideration of the scores thus was not improper as a matter of law. This Court concludes that

the ALJ properly considered all of the evidence in making his determination that Plaintiff did not have a severe mental impairment.

**B. Whether the ALJ erred in Determining that Plaintiff is Capable of Returning to Her Past Work**

Plaintiff next argues that the ALJ failed to compare her mental residual functional capacity with the demands of her past relevant work and that the record does not support a finding that she could return to her past relevant work. The Commissioner argues that because the ALJ found at step two of the five-step evaluation that Plaintiff did not have a severe impairment, there was no requirement to proceed with the remaining three steps of the sequential evaluation. Under Ninth Circuit case law, an ALJ is not required to address every step of 20 C.F.R. § 404.1520 if the claimant fails to meet any of the sequential hurdles. *Maier v. Comm'r of Soc. Sec.,* 154 F.3d 913, 195 (9th Cir. 1998). The record shows that the ALJ made an express finding that Plaintiff did not have impairments that significantly limited her ability to perform basic work-related activities. Accordingly, the ALJ was not required to complete the full analytical process.

**C. Whether the ALJ Erred in His Credibility Determination**

Finally, Plaintiff argues that the ALJ erred in his determination that the medical evidence does not support Plaintiff's self-described limitations. The Commissioner argues that the ALJ properly articulated several valid reasons for rejecting Plaintiff's subjective complaints of severe mental limitations.

This Court's review of the ALJ's decision regarding credibility determinations is limited. *Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir. 1992) ("The trier of fact and not the reviewing court must resolve conflicts in the evidence, and if the evidence can support either outcome, the court may not substitute its judgment for that of the ALJ.") In this case, the ALJ found that the objective medical evidence discounted Plaintiff's credibility. The ALJ noted that there were discrepancies between the Plaintiff's subjective complaints and the nature and extent of medical treatment (including medications) she sought and obtained, the diagnostic tests and findings made on examination, the reports of the treating and examining physicians, the extent of

restrictions noted in the physician opinions of record, the extent of follow-up treatment, including diagnostic testing, ordered by the treating physicians, and Plaintiff's own admissions with respect to her daily activities. Based on this evidence, the ALJ determined that Plaintiff's allegations as to the intensity, persistence and limiting effects of her symptoms were not supported by the probative evidence and were not wholly credible.

The ALJ's explanation as to why Plaintiff was not credible is supported by the record. In addition to her high GAF scores, Plaintiff's treating physicians repeatedly described her mental condition as stable and noted that her sleep, enthusiasm, enjoyment, irritability, self esteem, socialization and anxiety were "OK" or improving. The record also shows that Plaintiff herself told to her doctors that she was "coping adequately," that medication helped to stabilize her condition, and that she was able to perform daily activities such as working out at a gym twice a week or attending a quilting social group. According the credibility determination the deference to which it is entitled, the Court finds no error.

**IV. ORDER**

Good cause therefor appearing, IT IS HEREBY ORDERED that:

(1) Plaintiff's motion for summary judgment is DENIED;

(2) Defendant's cross-motion for summary judgment is GRANTED; and

(3) The Clerk of the Court shall close the file.

DATED: September 30, 2007

JEREMY FOGEL
United States District Judge

This Order has been served upon the following persons:

Harvey P. Sackett
1055 Lincoln Ave.
Post Office Box 5025
San Jose, CA 95150-5025

Scott N. Schools
United States Attorney
450 Golden Gate Ave., Box 36055
San Francisco, CA 94102